IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHAWN LEE BOLING<br>*Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. 1:21-CV-00062 |
| GERMAN GERALDO-ARIAS AND<br>TOROCO TRUCKING LLC<br>*Defendant* | §<br>§<br>§<br>§ | JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Shawn Lee Boling, and files his Original Complaint against Defendants German Geraldo-Arias and Toroco Trucking LLC. In support thereof, Plaintiff would respectfully show the Court as follows:

**I.
PARTIES**

1.1   Plaintiff, Shawn Lee Boling, is a citizen of Rancho Cucamonga, California.

1.2   Defendant, German Geraldo-Arias (Defendant "Geraldo"), was, based on the crash report, a citizen of Tijuana, Mexico, at the time of the subject crash. As a non-resident of Texas, Defendant Geraldo may be served with process by serving the Chair of the Texas Transportation Commission pursuant to Section 17.061 *et seq.*, of the Texas Civil Practice and Remedies Code. In this case, service may be perfected on Defendant Geraldo by serving J. Bruce Brugg, Jr., Chairman, Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas 78701. Upon service and payment of the $25 fee, the Chair of the Texas Transportation Commission will issue a certificate showing that a copy of the process was forwarded to Defendant Geraldo at Emiliano Zapata-Lumas Taurinas, Tijuana, Mexico 13713.

1.3     Defendant Toroco Trucking, LLC ("Toroco") is a limited liability company with its principal place of business located in San Diego, California, with its sole member being Joel S. Fuentes, whom also resides in San Diego, California. Defendant Toroco may be served with process by serving its registered agent, Gabriel Fuentes, at 8580 Avenida De Las Fuentes, Suite L, San Diego, California 92154.

## II.
## VENUE AND JURISDICTION

2.1.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum of $75,000.00, excluding interest and costs, and there is complete diversity because the case and controversy is between citizens of different states.

2.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Specifically, the crash giving rise to this lawsuit occurred in Howard County, Texas.

## III.
## BACKGROUND FACTS

3.1     According to the crash report, on October 4, 2020 at roughly 5:42 a.m., Plaintiff was traveling east down IH 20 near mile marker 195. At the same time, Defendant Geraldo was operating a tractor-trailer combo traveling west on the south service road of IH-20 in Howard County, Texas. Although Plaintiff maintained the right of way, Defendant Geraldo pulled his tractor-trailer combo out onto IH-20 when it was unsafe to do so. As a result, Plaintiff had no time to react and crashed into the side of the tractor-trailer combo and was run off the road, causing major damage to the tractor that he was traveling in and severe injuries to Mr. Boling.

3.2     At the time of the crash, Geraldo was in the course and scope of he employment with Toroco. Alternatively, Geraldo was a statutory employee of Defendant Toroco pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq*.

3.3     Following the crash, Defendant Geraldo was issued a citation for turning when it was unsafe to do so.

## CAUSES OF ACTION AGAINST DEFENDANT GERALDO AND TOROCO

### IV.

#### NEGLIGENCE AND VICARIOUS LIABILITY

4.1     Defendant Geraldo committed actions of omission and/or commission, which collectively and severally constituted negligence, and that negligence proximately caused both the crash in question and Plaintiff's damages.

4.2     Defendant Geraldo owed a duty to Plaintiff to exercise ordinary care but breached that duty. Defendant Geraldo's acts and/or omissions of negligence include, without limitation, one or more of the following:

(a)     Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)     Merging onto the highway when unsafe to do so;

(c)     Failing to safely operate the subject tractor-trailer;

(d)     Failing to yield the right-of-way to oncoming traffic;

(e)     Failing to pay attention to attendant traffic and driving conditions; and

(f)     making an unsafe lane change.

4.3 Defendant Toroco is liable for Geraldo's conduct under the doctrine of *respondeat superior*. Defendant Geraldo was employed by Defendant Toroco as its authorized agent, servant, and/or employee on the date in question. Defendant Toroco is vicariously liable for Defendant Geraldo's negligence because, at the time of the collision, Defendant Geraldo was acting in the course and scope of her employment and/or agency with Defendant Toroco such that he was acting within his general authority, in furtherance of the business of Defendant Toroco, and for the accomplishment of the object for which he was hired.

4.4 Alternatively, Defendant Toroco is vicariously liable as a matter of law for the negligence of Geraldo because Geraldo was a statutory employee of Defendant Toroco pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq.*

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1 As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

### VI.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

6.1 Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

7.1 All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed, have been waived, and/or have occurred.

## VIII.
### JURY DEMAND

8.1 Plaintiff requests a trial by jury and tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Respectfully Submitted,

WATTS GUERRA LLP
4 Dominion Drive
Building 3 - Suite 100
San Antonio, Texas 78257
Telephone: 210.447.0500
Fax: 210.447.0501

By: /s/ Jorge L. Mares
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
Email: fguerra@wattsguerra.com
JORGE L. MARES
State Bar No. 24087973
Email: jmares@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**